UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-CV-05153-CAS-RAO | Date | October 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - Plaintiff's *Ex Parte* Application to Continue Hearing and Opposition Date on Defendants' Motion to Compel Arbitration (Dkt. 28, filed October 1, 2015)

Plaintiff's *Ex Parte* Request for an Order for Plaintiff to Cross Examine Declarants (Dkt. 31, filed October 8, 2015)

## I.  INTRODUCTION AND BACKGROUND

On May 5, 2015, plaintiff Todd Marks filed this action in the Ventura County Superior Court against defendants Bridgestone Americas, Inc.; Bridgestone Retail Operations, LLC ("BSRO"); Bridgestone/Firestone, Inc.; Bridgestone/Firestone Americas Holding, Inc.; BFS Retail & Commercial Operations LLC; and Does 1-50, inclusive (collectively, "defendants").  Dkt. 1, Ex. A.  The complaint asserts claims for unlawful age discrimination, unlawful retaliation, and wrongful discharge in violation of public policy.  Id.  On July 8, 2015, defendants removed plaintiff's action to federal court on the basis of diversity jurisdiction.  Dkt. 1(Notice of Removal).

On September 28, 2015, defendants filed a motion for an order compelling plaintiff to binding arbitration.  Dkt. 26.  The hearing on defendants' motion was scheduled for October 26, 2015, with the opposition due on October 5, 2015, under a briefing schedule that is in compliance with the Local Rules.  See L.R. 6-1 ("The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing …"); L.R. 7-9 (an opposition is due " . . . not later than…twenty-one (21) days before the date designated for the hearing of the motion . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-05153-CAS-RAO | Date | October 16, 2015 |
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC., ET AL. | | |

On October 1, 2015, plaintiff filed the instant *ex parte* application for an order continuing the hearing date for defendants' motion to compel arbitration and the briefing dates related to same. Dkt. 28. Defendants opposed plaintiff's application on October 5, 2015. Dkt. 29. On October 5, 2015, plaintiff filed a "preliminary" opposition to defendants' motion to compel arbitration, and defendants replied on October 9, 2015. Dkts. 29, 32. On October 8, 2015, plaintiff also filed a request pursuant to Local Rule 7-8 for an order allowing cross-examination of various declarants who filed declarations in support of defendants' motion to compel. Dkt. 31. Defendants opposed this request on October 15, 23015. Dkt. 33.

## II. DISCUSSION

### A. Application to Continue Hearing and Opposition Date on Defendants' Motion to Compel Arbitration

Plaintiff argues that the briefing schedule and current hearing date provide an "absurdly short time frame to respond to the pending" motion to compel arbitration, particularly in light of plaintiff's belief—which defendants contest—that he is entitled to limited discovery before the filing and disposition of the motion to compel arbitration. Application at 2, 4-7. Accordingly, plaintiff's application seeks an "immediate continuance of the [October 26, 2015] hearing and an extension of the time to respond to allow Plaintiff a meaningful opportunity to investigate the issues, participate in the drafting of an opposition, and additionally to seek agreement as to or undertake reasonable discovery as to the issues involved." Id. at 7. In arguing that he is entitled to conduct limited discovery, plaintiff cites to an extended passage from O'Brien v. Am. Exp. Co., No. 11-CV-1822-BTM BGS, 2012 WL 1609957 (S.D. Cal. May 8, 2012). In O'Brien, the court granted in part plaintiff's motion to compel discovery, permitting "limited discovery to make the argument that the arbitration agreement is unconscionable" under the applicable state law. Id. at *5. The court in O'brien correctly noted that "courts have permitted parties opposing a motion to compel arbitration to take discovery on the unconscionability of an arbitration provision." Id. at *2.

Here, however, following a September 2, 2015 meet and confer meeting with defendants' counsel, plaintiff wrote the following email to "confirm [their] meeting . . . and denote a few additional details":

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-CV-05153-CAS-RAO | Date | October 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC., ET AL. | | |

> [At the September 2, 2015 meet and confer,] we discussed your client's desire to move to compel arbitration. ***We completed any remaining meet and confer as to same*** . . . We also discussed that Plaintiff has satisfied the meet and confer process as to any and all grounds for opposing the motion to compel arbitration and need not do more to apprise your client of its arguments in opposition. You agreed that your client would not raise a failure to meet and confer as grounds for rebutting any argument made by Plaintiff . . . [W]e [also] discussed Plaintiff's position as to scheduling of any motion to compel arbitration and the need for discovery. I noted that ***Plaintiff believed discovery was necessary and proper as to the motion to compel arbitration and the pertinent issues***. I therefore noted any hearing date should be pushed back to allow for discovery and a proper resolution of the issues. You disagreed and noted it is your client's position that there should be no discovery. No further progress was made as to this issue and it would appear the parties will need to engage in efforts before the Court as to same, absent any further change in position.

Def.'s Opp'n, Ex. 6 (September 2, 2015 email from plaintiff's counsel to defendants' counsel). Defense counsel accordingly argues that (1) defendants satisfied any meet and confer requirement regarding their intention to file their motion to compel arbitration, (2) plaintiff expressly acknowledged completion of the meet and confer in their September 2, 2015 email and was therefore apprised of the possibility that defendants would file their motion, and (3) that any lingering disagreement regarding the appropriateness of limited discovery related to the arbitration agreement did not preclude defendants from filing their motion. With respect to these points, the Court agrees with defendants.

      Nonetheless, the Court finds it appropriate to grant a brief continuance of the hearing, currently scheduled for October 26, 2015, in order to allow plaintiff additional time to draft its opposition and to allow defendants to reply accordingly. Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Ninth Circuit has explained that "good cause" is "a non-rigorous standard that has been construed broadly across procedural and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-05153-CAS-RAO | Date | October 16, 2015 |
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC., ET AL. | | |

statutory contexts." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (citations omitted).  Consequently, "requests for extensions of time made before the applicable deadline has passed," as was the case here, "should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'"  Id. (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Here, "the record is devoid of any indication either that [plaintiff's] counsel acted in bad faith or that an extension of time would prejudice defendants."  Ahanchian, 624 F.3d at 1260.  Accordingly, the Court hereby continues the hearing on defendants' motion to compel arbitration until **November 16, 2015**, with plaintiff's opposition to the motion due no later than **October 26, 2015**, and defendants' reply due no later than **November 2, 2015**.

### B.    Request for an Order for Plaintiff to Cross Examine Declarants

Pursuant to Local Rule 7-8, plaintiff requests an order allowing for cross-examination of declarants Jennifer Cullerton, Jesus Escobedo, and Michael Ranallo, in connection with the declarations they filed in support of defendant's motion for an order compelling arbitration.  See Dkts. 26-1, 26-14 and 26-20.  Cullerton is Senior Manager, Human Resources for defendant BSRO; Escobedo is the Southern California Business Partner - Human Resources for BSRO; and Ranallo is general counsel for defendant BSRO.  See Id.

Under Local Rule 7-8, "[o]n motions . . . where an issue of fact is to be determined . . . a party desiring to cross-examine any declarant who is not beyond the subpoena power of the Court and who is reasonably available to the party offering the declaration may . . . request to cross-examine such declarant."  Here, plaintiff has not articulated why cross-examination of the aforementioned declarants is necessary to establishing an "issue of fact" related to the instant motion to compel arbitration.  Plaintiff does not appear to dispute the authenticity of the relevant "Employee Dispute Resolution Plan" or the fact that he signed an Acknowledgment of the Employee Dispute Resolution Plan.  See Plaintiff's Preliminary Opposition, at 5.  Furthermore, BSRO conceded in its motion that the agreement was a "contract of adhesion," Motion at 13, so resolving any dispute regarding how the agreement was presented to plaintiff—e.g., whether it was "take-it-or-leave it," whether he could negotiate the terms, and so forth—is unnecessary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-05153-CAS-RAO | Date | October 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC., ET AL. | | |

for purposes of the instant motion to compel arbitration. As defendants note, the "adhesive nature of the EDR Plan . . . is not in dispute. BSRO and Plaintiff both agree that the [Employee Dispute Resolution] Plan is a contract of adhesion. [citation]. The parties only disagree on the legal affect of that undisputed fact." Dkt. 33, at 3-4.

### III.  CONCLUSION

In accordance with the foregoing, plaintiff's *ex parte* application is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court continues the hearing on defendants' motion to compel arbitration until **November 16, 2015**, at 10:00 A.M. with plaintiff's opposition to the motion due no later than **October 26, 2015**, and defendants' reply due no later than **November 2, 2015**. Plaintiff's request for an order for plaintiff to cross examine declarants is **DENIED**. The Scheduling Conference is continued to **December 7, 2015**, at 11:00 A.M.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |