UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

N/A                                                       N/A

**Proceedings:**      (IN CHAMBERS)
DEFENDANTS' MOTION TO COMPEL ARBITRATION [26]
DEFENDANT'S MOTION TO STAY CASE [27]

## I.      INTRODUCTION

On May 5, 2015, plaintiff Todd Marks filed the instant action in the Ventura County Superior Court against defendants Bridgestone Retail Operations LLC ("BSRO"); Bridgestone Americas, Inc.; Bridgestone/Firestone Inc.; Bridgestone/Firestone Americas Holding, Inc.; BFS Retail & Commercial Operation LLC, and Does 1-50, inclusive. Dkt. 1, Ex. B ("Compl.").[1]   Plaintiff's complaint asserts claims for (1) age discrimination "in violation of both [California] statutory and common law," including California Government Code section 12940, et seq.; (2) unlawful retaliation, and (3) wrongful discharge in violation of "the public policy of the State of California." See Compl ¶¶ 40, 51, 60. On July 8, 2015, defendants removed plaintiff's action to federal court on the basis of diversity jurisdiction. Dkt. 1(Notice of Removal).

On September 28, 2015, defendants filed motions to compel arbitration and to stay the case. Dkts. 26–27. On October 1, 2015, plaintiff filed an *ex parte* application for an order continuing the hearing date for defendants' motion to compel arbitration and the briefing dates related to same. Dkt. 28. Defendants opposed plaintiff's application on October 5, 2015. Dkt. 29. On October 5, 2015, plaintiff filed a "preliminary" opposition to defendants' motion to compel arbitration, and defendants replied on October 9, 2015. Dkts. 29, 32. On October 8, 2015, plaintiff also filed a request pursuant to Local Rule 7-8 for an order

---

[1] On September 4, 2015, defendant Bridgestone Americas, Inc. was dismissed from this action, pursuant to a joint stipulation of the parties. Dkt. 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|------------------------|------|-------------------|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

allowing cross-examination of various declarants who filed declarations in support of defendants' motion to compel arbitration. Dkt. 31. Defendants opposed this request on October 15, 2015. Dkt. 33.

On October 16, 2015, the Court granted plaintiff's *ex parte* application for an order continuing the hearing date for defendants' motion to compel arbitration and the briefing dates related to same, but denied plaintiff's request for an order permitting plaintiff to cross examine defendants' declarants.[2] Dkt. 34. In accordance with the modified briefing

_____

[2] In its October 1, 2015 *ex parte* application, plaintiff requested an order allowing for cross-examination of declarants Jennifer Cullerton, Jesus Escobedo, and Michael Ranallo, in connection with the declarations they filed in support of defendants' motion to compel arbitration. See Dkts. 26-1, 26-14 and 26-20. Cullerton is Senior Manager, Human Resources for defendant BSRO; Escobedo is the Southern California Business Partner - Human Resources for BSRO; and Ranallo is general counsel for defendant BSRO. See id. In an order denying plaintiff's request, dkt. 34, this Court explained that "plaintiff has not articulated why cross-examination of the aforementioned declarants is necessary to establishing an 'issue of fact' related to the instant motion to compel arbitration," particularly in light of the fact that plaintiff disputed neither the authenticity of the relevant "Employee Dispute Resolution Plan" nor the fact that he signed an Acknowledgment of the Employee Dispute Resolution Plan. Dkt. 34 at 4.

In opposition to the instant motion, plaintiff argues that through BSRO's submission of these sworn declarations, "Bridgestone has self-servingly sought to introduce extraneous evidence on the Plan's alleged purpose, its 'spin' on how [the Plan] should be interpreted, and how various terms should not be viewed as one-sided or oppressive." Opp'n at 4 n.11. According to plaintiff, "[n]one of these facts or assertions are in the Plan; arguments of counsel are not evidence; and, having blocked all discovery, Bridgestone is not entitled to rely on same." Id. Again, however, plaintiff does not expressly dispute any of the *factual* assertions upon which the Court relies in ruling on the instant motion—for example, defendants' assertions regarding the dates on which plaintiff signed the "Current Employee Acknowledgment" page. Instead, plaintiff provides his own testimony regarding, *inter alia*, his own recollection regarding the introduction of the EDR Plan, which the Court summarizes *infra* and gives due consideration in the instant order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          '**O**'

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

schedule, plaintiff filed his final opposition to the instant motion on October 26, 2015, dkt. 35, and defendants replied on November 2, 2015, dkt. 36. The Court held oral argument on November 16, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

According to declarations submitted in support of the instant motion, between January and February 2011, BRSO announced to its employees nationwide in a company newsletter that it would be implementing a new Employee Dispute Resolution ("EDR") Plan. Declaration of Jennifer Cullerton ("Cullerton Decl."), ¶ 3, Ex. A. At this time, plaintiff Todd Marks managed the BSRO store in Oxnard, California, including all of the employees who worked there. Id., ¶ 4; Declaration of Jesus Escobedo ("Escobedo Decl."), ¶ 8. Plaintiff had worked for BSRO since 1997, and had managed the Oxnard store since 1999. Id. ¶ 8.

In May 2011, BSRO Senior Manager for Human Resources Jennifer Cullerton, through the company's California district offices, avers that she circulated a memorandum to all BSRO store managers in California, including plaintiff, which included booklets containing the new EDR Plan. Cullerton Decl., ¶¶ 4-5. Among other things, the memorandum set forth specific tasks that BSRO required its store managers to do as part of BSRO's "roll out" of the new Plan. The memorandum also included "Current Employee Acknowledgement" pages that were to be completed by all employees and returned to BSRO corporate offices.

The cover page of the EDR Plan contained the title of the Plan, the Plan's effective date, and the following admonishment:

> **THE EMPLOYEE DISPUTE RESOLUTION PLAN IS THE EXCLUSIVE MEANS OF RESOLVING EMPLOYMENT-RELATED DISPUTES. ALL PERSONS WHO APPLY FOR EMPLOYMENT, ACCEPT EMPLOYMENT, CONTINUE WORKING FOR, OR ACCEPT ANY PROMOTIONS, PAY INCREASES, BONUSES, OR ANY OTHER BENEFITS OF EMPLOYMENT FROM BRIDGESTONE RETAIL OPERATIONS, LLC AGREE TO RESOLVE ALL SUCH DISPUTES THROUGH THE MEDIATION AND BINDING**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

**ARBITRATION PROCESS DESCRIBED HEREIN INSTEAD OF THROUGH THE COURT SYSTEM.**

The "Current Employee Acknowledgment" page that was to be completed by all employees, including plaintiff, also included the following paragraph above a signature line:

> I hereby acknowledge my receipt of the Bridgestone Retail Operations, LLC Employee Dispute Resolution Plan, hereafter referred to as "the EDR Plan." I also acknowledge that I have had an opportunity to review the EDR Plan. I further acknowledge that the EDR Plan fully defines the disputes that are covered, describes the procedures for mediation and arbitration, and sets forth the remedies I may obtain.

Escobedo Decl., ¶ 9, Ex. 5. According to BSRO, plaintiff signed the "Current Employee Acknowledgment" page on June 6, 2011. Escobedo Decl., ¶ 9, Ex. 5. Plaintiff does not dispute that he signed this acknowledgment form. See Declaration of Todd Marks ("Plaintiff's Decl.").

The EDR Plan specifies that it is "the exclusive, final and binding means by which Disputes can be resolved," and that parties to the Plan "shall have no right to litigate a Dispute in any other forum," except as provided by the Plan. EDR Plan § 3. The Plan calls for a two-step process to resolving a dispute: first, mediation, and second (if necessary), binding arbitration. Id. §§ 5–6. The EDR Plan also specifies that mediation and arbitration are to be administered by the American Arbitration Association ("AAA") in accordance with the EDR Plan's own substantive rules. Id. § 2(A).

The EDR Plan became effective on June 1, 2011. Escobedo Decl., ¶ 4, Ex. 1. By July 29, 2011, all Oxnard store employees then employed, including plaintiff, had completed and returned the "Current Employee Acknowledgment" form. Cullerton Decl., ¶ 8. According to BSRO, plaintiff later electronically signed the same acknowledgment in electronic form, using BSRO's Point of Service ("POS") terminal, which employees used to access the BSRO Intranet. Cullerton Decl., ¶¶ 9–11. Also according to BSRO, the electronic "Current Employee Acknowledgement" included a screen that reproduced the text of the paper form. Id. ¶ 10. This screen also included a hyperlink ("[Click here for EDR Plan.]") that opens to the full text of the EDR Plan, allowing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                          **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

employees to review the Plan before accepting it online. Id. On July 22, 2011, BSRO avers that Marks entered his confidential user name and password to enter the POS terminal, clicked on a button to confirm the statement, "I understand this agreement and will abide to this," and thereby accepted the electronic version of the "Current Employee Acknowledgement" form. Id. ¶ 11. Thereafter Marks remained employed by BSRO for three more years. Escobedo Decl., ¶ 10. He was terminated in early July 2014. Id.; see also Compl. ¶ 15 (alleging that on or about July 11, 2014, BSRO "unlawfully retaliated and/or discriminated against him [on the basis of his age] and terminated his employment")

In a declaration submitted in support of his opposition to the instant motion, plaintiff states that the relevant arbitration agreement "was never bargained for with [him]" and "was never formally presented to [him], explained, or otherwise referenced as a significant term or condition that was changing [his] employment." Plaintiff's Decl., ¶ 4. Marks further contends that "there was no negotiation or arms-length agreement" as to the EDR Plan and that he "was never provided with an opportunity to retain counsel and determine whether [he] wanted to be bound by the arbitration terms." Id. With respect to the 2011 memorandum regarding the EDR Plan, Marks states that he has "no knowledge of receiving any such memorandum," and that as a store manager he was "routinely instructed not to make a big deal of such paperwork and to inform every employee of the store that they needed to sign the paperwork if they wished to remain employed." Id. ¶ 5. Although Marks states that he "was not in a position of power to affect any changes in the terms [of the EDR Plan] or to refuse [said terms]," he does not dispute signing the printed "Current Employee Acknowledgment" page or completing the online acknowledgment through BSRO's online portal. See Plaintiff's Decl.

## III.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24(1983)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
| --- | --- | --- | --- |
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). "[A]greements to arbitrate [may] be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). The party asserting a defense to the enforceability of an arbitration agreement has the burden of proving that defense by a preponderance of the evidence. See Engalla v. Permanente Med. Grp., 15 Cal. 4th 951, 972 (1997).

## IV.    ANALYSIS

### A.    Whether the EDR Plan is Enforceable

Plaintiff argues that the arbitration agreement is unconscionable and thus unenforceable. Courts apply state contract law to determine the enforceability of an arbitration agreement. Pokorny v. Quixtar, 601 F.3d 987, 994 (9th Cir. 2010). Under California law, "a contractual provision is unenforceable if it is both procedurally and substantively unconscionable." Kilgore v. KeyBank, Nat'l Ass'n, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing Armendariz v. Found. Health Psychare Servs., Inc., 24 Cal. 4th 83, 89 (2000)). These two prongs operate on a sliding scale: greater substantive unconscionability can make up for a lesser showing of procedural unconscionability, and vice versa. Armendariz, 24 Cal. 4th at 89. If the Court determines that contractual provisions are unconscionable, the Court must then decide whether the unconscionable provisions are severable from the rest of the contract. Id. at 121–22.

### 1.    Procedural Unconscionability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

Procedural unconscionability concerns the manner in which the contract was negotiated and the circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement. Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 783 (9th Cir. 2002); A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 484 (1982). "Oppression" addresses the weaker party's absence of choice and unequal bargaining power that results in "no real negotiation" and an absence of "meaningful choice." A&M Produce, 135 Cal. App. 3d at 486. "Surprise" concerns the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party. Parada v. Superior Court, 176 Cal. App. 4th 1554, 1568 (2009).

### a.      Oppression

"The threshold inquiry in California's unconscionability analysis is 'whether the arbitration agreement is adhesive.'" Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1281 (9th Cir. 2006) (quoting Flores v. Transamerica HomeFirst, Inc., 93 Cal. App. 4th 846, 850 (2001). A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1533 (1997) (internal quotation marks and citations omitted).

Here, BSRO acknowledges that the EDR Plan is a contract of adhesion, going so far as to state that its adhesive nature is "self-evident." Motion at 13. Generally, such "take-it-or-leave-it" contracts of adhesion are considered oppressive under California law. See Trivedi v. Curexo Tech. Corp., 189 Cal. App. 4th 387, 393 (2010) ("Procedural unconscionability occurs when the stronger party drafts the contract and presents it to the weaker party on a 'take it or leave it basis.'"); Flores, 93 Cal. App. 4th at 853 ("A finding of a contract of adhesion is essentially a finding of procedural unconscionability."); Stirlen, 51 Cal. App. 4th at 1533 ("[T]he threshold question is whether the subject arbitration clause is part of a contract of adhesion, thereby establishing the necessary element of procedural unconscionability.").

Indeed, the Court notes that both the California Supreme Court and the Ninth Circuit have held, in cases decided after Concepcion, that contracts of adhesion continue to be at least *procedurally* unconscionable. See Sonic-Calabasas A, Inc. v. Moreno, 57 Cal. 4th 1109, 1142–45 (2014) (examining Concepcion and concluding that case did not affect unconscionability doctrines ensuring that "contracts, particularly contracts of adhesion, do

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|------------------------|------|-------------------|
| Title    | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

not impose" unfair terms); <u>Chavarria v. Ralphs Grocery Co.</u>, 733 F.3d 916, 922-23 (9th Cir. 2013) (citing with approval prior cases finding contracts of adhesion to involve some degree of procedural unconscionability as a matter of law); <u>Newton v. Am. Debt. Servs., Inc.</u>, 549 F. App'x 692, 694 (9th Cir. 2013) (unpublished opinion) ("Defendants concede the arbitration agreement was an adhesion contract. As a result, it is oppressive (and therefore procedurally unconscionable).").

Much of plaintiff's declaration speaks only to the adhesive nature—that is, the *procedural* unconscionability—of the EDR Plan and BSRO's method of securing plaintiff's purported agreement to be bound by it. <u>See, e.g.</u>, Plaintiff's Decl. ¶ 5 ("I was in no position to deal on even footing with Bridgestone as to whether I, or any other employees, desired to change or alter the terms of their employment via an arbitration agreement."). In response, BSRO argues that the EDR Plan's adhesive nature and "minimal" unconscionability are "unremarkable" because, according to BSRO, "adhesiveness is not a *significant* measure of procedural unconscionability," cannot "*alone* invalidate Marks's agreement to arbitrate," and "does not here render that agreement . . . unenforceable." Motion at 13 (emphasis added).

In light of the Plan's adhesive nature, the Court concludes, in accordance with other district courts that have reviewed the very same BSRO EDR Plan, that the Plan "meets a threshold level of procedural unconscionability." <u>See Correa v. Firestone Complete Auto Care</u>, No. C 13-03123 CW, 2013 WL 6173651, at *3 (N.D. Cal. Nov. 25, 2013) (finding BSRO's EDR Plan to be procedurally unconscionable despite a lack of "unfair surprise" to plaintiff-employee); <u>Aposhian v. Bridgestone Retail Operations, LLC, et al.</u>, 2:12-cv-06156-GW-E, at 5 (C.D. Cal. Oct. 4, 2012) (finding upon review of BSRO's EDR Plan that "there is at least some level of procedural unconscionability inherent in any contract of adhesion presented by an employer to an employee as a condition of employment"). However, as BSRO notes, where "there is no other indication of oppression or surprise, 'the degree of procedural unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high.'" <u>Serpa v. California Surety Investigations, Inc.</u>, 215 Cal.App.4th 695, 704 (2013) (citation omitted). Thus, although the EDR Plan is adhesive, this renders the agreement only minimally oppressive or procedurally unconscionable.

**b.    Surprise**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

Plaintiff also argues that BSRO's "failure to provide employees a copy of the AAA [Rules] referenced in the [EDR] Plan is further evidence of [the Plan's] oppression and unfairness." Opp'n at 13 (citing Trivedi, 189 Cal.App.4th at 393; Poublon v. Robinson Co., No. 2:12-CV-06654-CAS MA, 2015 WL 588515, at *5 (C.D. Cal. Jan. 12, 2015)). It is true, as plaintiff notes, that "[n]umerous cases have held that the failure to provide a copy of the arbitration rules to which the employee would be bound, support[s] a finding of procedural unconscionability." Trivedi, 189 Cal. App. 4th at 393 (citing cases); see also Carmona v. Lincoln Millennium Car Wash, Inc., 226 Cal. App. 4th 74, 84 (2014) ("Failure to provide the applicable arbitration rules is another factor that supports procedural unconscionability."); Harper v. Ultimo, 113 Cal. App. 4th 1402, 1406–07 (2003) (finding procedural unconscionability where arbitration rules were referenced but not attached to the contract, forcing the signer "to go to another source to find out the full import of what he or she is about to sign").

However, defendants rightly note that such cases generally involved either wholesale incorporation of the operative AAA rules—or, perhaps more egregiously, incorporation of defendants' own arbitration provisions and procedures—without providing the applicable rules to the party who would be bound by them. See Poublon, 2015 WL 588515, at *4 ("[D]efendants . . . did not provide plaintiff with a copy of either the American Arbitration Association's rules *or defendants' Arbitration Procedures*, both of which plaintiff became subject to by signing the [arbitration agreement].") (emphasis added); Trivedi, 189 Cal. App. 4th 387, 392 (2010) (defendant failed to provide AAA Rules despite arbitration clause stating that "[a]ny dispute . . . shall be submitted to arbitration . . . pursuant to the AAA's National Rules for the Resolution of Employment Disputes as the exclusive method of resolving such dispute"). Here, there is only one instance in which the EDR Plan incorporates a portion of the AAA Rules by reference. See EDR Plan § 7. That provision states that "[i]mmediately after receipt of the Request for Arbitration, the AAA shall implement the procedure for the *selection of an arbitrator* as set forth in its National Rules for the Resolution of Employment Disputes." Id. (emphasis added). The Court does not find it procedurally unconscionable to incorporate by reference such a narrow portion of the AAA Rules regarding the selection of the arbitrator into the otherwise comprehensive and self-contained provisions of the EDR Plan.

In sum, while the Court recognizes the inherent adhesive nature and thus procedural unconscionability of the EDR Plan, it finds any such procedural unconscionability to be minimal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|-----------------------|------|-------------------|
| Title    | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

### 2.    Substantive Unconscionability

Plaintiff contends that the arbitration agreement contains many substantively unconscionable terms, and that these unconscionable terms so permeate the agreement that they are non-severable and render the entire agreement unenforceable. Defendants deny that any term is unconscionable, and contend that any terms the Court does deem unconscionable should simply be severed. The Court addresses these disputed provisions below.

#### a.    Delegation Clause

As an initial matter, plaintiff argues that the Plan infringes upon the Court's non-delegable discretion to address unconscionable contract provisions. Opp'n at 15. Although threshold questions of arbitrability are ordinarily for courts to decide in the first instance under the FAA, Ajamian v. CantorCO2e, L.P., 203 Cal. App. 4th 771, 781-82 (2012), the "[p]arties to an arbitration agreement may agree to delegate to the arbitrator, instead of a court, questions regarding the enforceability of the agreement," Tiri v. Lucky Chances, Inc., 226 Cal. App. 4th 231, 241 (2014). Here, plaintiff argues that two "conflicting" provisions, when read together, constitute an unlawful delegation clause and effectively prohibit this Court from deciding which provisions are unconscionable. Opp'n at 14. In their reply, defendants argue that the EDR Plan has no delegation clause whatsoever, unlawful or otherwise. Reply at 12.

The two provisions at issue state, in relevant part:

> The EDR Plan is the exclusive, final and binding means by which Disputes can be resolved. The only method by which a Party can seek relief in a court of law is in accordance with the provisions of the [Federal Arbitration Act]. Except as provided herein, the Parties shall have no right to litigate a Dispute in any other forum. [EDR Plan § 3.]

> ***

> In the event that a court of competent jurisdiction determines that any provision of the EDR Plan is unenforceable or should be reformed, the Dispute shall then be resolved by the arbitrator

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|------------------------|------|--------------------|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

under the EDR Plan consistent with such court's determination.
[EDR Plan § 35.]

Plaintiff is essentially arguing that because the EDR Plan states that it "is the exclusive, final and binding means by which Disputes can be resolved," it unlawfully delegates to the arbitrator (and deprives this Court) the discretion to review and potentially sever unconscionable provisions—i.e., to engage in precisely the kind of review that is the subject of the instant motion.  Upon consideration of the relevant provisions and the EDR Plan as a whole, the Court disagrees and finds, as defendants contend, that section 3 of the EDR Plan does not constitute a delegation clause at all.  As defendants argue, the EDR Plan "assumes the court's authority to decide unconscionability" and calls, at section 35, "for any provisions the court deems unlawful to be severed or reformed as needed to enforce the rest of the Plan, pursuant to the expressed intent of the parties."  Reply at 12.  Accordingly, the Court concludes that plaintiff Marks's contention that the Plan infringes upon this Court's discretion to assess the agreement's unconscionability lacks merit.

### b.     Statute of Limitations

The EDR Plan's dispute resolution process calls first for mediation and, in the event that mediation fails to resolve the dispute, submission to binding arbitration governed by the Plan's substantive provisions.  See EDR Plan §§ 5–6.  Plaintiff argues that Section 6(A) of the EDR Plan is substantively unconscionable because it provides that "[a] party must initiate any arbitration proceeding under [the Plan] within thirty (30) days *from the date that the mediation process has been concluded*."  EDR Plan § 6(A) (emphasis added); see Opp'n at 13-14.  According to plaintiff, this purported "prevention of claims filed 30 days or more after mediation is an unlawful *shortening of the applicable statutes of limitation*."  Opp'n at 13 (citing Assaad v. Am. Nat. Ins. Co., No. C 10-03712, 2010 WL 5416841, at *7 (N.D. Cal. Dec. 23, 2010)).  It is true that under California law, "parties agreeing to arbitrate statutory claims must . . . consent to abide by the substantive and remedial provisions of the statute. Otherwise, a party would not be able to fully vindicate [his or her] statutory cause of action in the arbitral forum."  Armendariz, 24 Cal. 4th at 101 (internal citation and quotation marks omitted).

Here, however, plaintiff's argument fails because it mischaracterizes the relevant provision in the EDR Plan as "shortening of the applicable statutes of limitation."  Opp'n at 13.  In reality, the EDR Plan provides that a "[r]equest for Mediation"—that is, the initiation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                          **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|------------------------|------|-------------------|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

of the dispute resolution process under the Plan—"must be filed within ninety (90) days of the event giving rise to the Dispute *or before the expiration of the applicable statute of limitations, whichever is longer*." EDR Plan § 5(B) (emphasis added). Thus, as defendants argue, the relevant limitations period is not the thirty-day period between when mediation concludes and when plaintiff must file an arbitration request, but rather the period between when plaintiff's claim accrues and when plaintiff must initiate the EDR process by filing a mediation request (the first of the Plan's two-step dispute resolution process). In this sense, the cases upon which plaintiff relies are all inapposite, as each involved an impermissible shortening of the effective statute of limitations—i.e., the time between *accrual of the claim* and the need *to initiate the dispute resolution process* on that claim. See Samaniego v. Empire Today LLC, 205 Cal. App. 4th 1138, 1147 (2012) (arbitration agreement imposed six-month limitations period for filing of all claims); Wherry v. Award, Inc., 192 Cal. App. 4th 1242, 1249 (2011) (arbitration had to be filed within 180 days of the event triggering the action); Nyulassy v. Lockheed Martin Corp., 120 Cal. App. 4th 1267, 1283 (2004) (time to file arbitration claim limited to 180 days of the date of plaintiff's employment termination or whenever "such other dispute or controversy first arose"), Assaad v. Am. Nat. Ins. Co., No. C 10-03712, 2010 WL 5416841, at *7 (N.D. Cal. Dec. 23, 2010) (requiring "written request for arbitration within 30 days from the date of termination or other adverse employment action").

Accordingly, the EDR Plan's provision mandating that the arbitration step in the dispute resolution process be initiated within thirty days of the completion of the mediation step in the process does not impermissibly abridge the relevant statute of limitations and, therefore, is not substantively unconscionable.

**c.    Right to Amend**

Plaintiff argues that the EDR Plan "gives [BSRO] the unfettered right to amend or terminate the Plan at any time," which "is a strong indicator of unconscionability," particularly in the context of employment disputes. Opp'n at 20. The relevant provisions of the EDR Plan provide that the Plan "may be amended or terminated at any time," but also state that any such amendments (1) will only be effective following at least 60-days written notice to the employees and the AAA, and (2) will not apply retroactively to disputes of which BSRO has actual notice. EDR Plan § 32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
| --- | --- | --- | --- |
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

California courts have recognized that the reservation of the right to modify does not *per se* render an arbitration agreement unenforceable.  For example, in <u>Serpa v. California Surety Investigations, Inc.</u>, 215 Cal. App. 4th 695, 706 (2013), the court held that "the implied covenant of good faith and fair dealing limits the employer's authority to unilaterally modify the arbitration agreement and saves that agreement from being illusory and thus unconscionable."  <u>Serpa</u> relied upon <u>24 Hour Fitness, Inc. v. Superior Court</u>, 66 Cal. App. 4th 1199, 1214 (1998), which held that an agreement to arbitrate was not illusory because the "discretionary power to modify the terms of the [agreement] indisputably carries with it the duty to exercise that right fairly and in good faith."  <u>Accord, e.g.</u>, <u>Martinez v. Scott Specialty Gases, Inc.</u>, 83 Cal. App. 4th 1236, 1246 (2000) ("[A]n employer's reservation of the right to modify does not render the contract unenforceable as unconscionable, illusory, or lacking in mutuality of obligation. . . .").

In fact, under California law, "even a modification clause *not providing for advance notice* does not render an agreement illusory, because the agreement also contains an implied covenant of good faith and fair dealing." <u>Casas v. Carmax Auto Superstores California LLC</u>, 224 Cal. App. 4th 1233, 1237 (2014) (emphasis added) (citation omitted).  Here, the EDR Plan requires at least 60-days written notice to the employees and the AAA before any amendments go into effect, and the implied covenant of good faith and fair dealing further limits BSRO's authority to unilaterally modify the arbitration agreement.  Accordingly, the provision regarding BSRO's right to modify the agreement is not substantively unconscionable.[3]  <u>See</u> <u>CarMax Auto Superstores California LLC v. Hernandez</u>, 94 F. Supp.

---

[3] In advancing his argument regarding the purported unconscionability of the amendment provision, plaintiff relies upon <u>Ramirez-Baker v. Beazer Homes, Inc.</u>, 636 F. Supp. 2d 1008 (E.D. Cal. 2008) and <u>Ingle v. Circuit City Stores, Inc.</u>, 328 F.3d 1165 (9th Cir. 2003).  Opp'n at 20–21.  However, unlike the instant case, these cases involved arbitration agreements that gave the defendant the unilateral authority *to terminate* as well as modify the agreement.  <u>Ramirez-Baker</u>, 636 F. Supp. 2d 1021-22 (finding that a provision allowing defendant "the unilateral power *to terminate* or modify the contract is substantively unconscionable") (emphasis added); <u>Ingle.</u>, 328 F.3d at 1179 ("By granting itself the sole authority to amend or terminate the arbitration agreement, Circuit City proscribes an employee's ability to consider and negotiate the terms of her contract.") (emphasis added).  Accordingly, the agreements in these cases are distinguishable from the EDR Plan at issue in the instant action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

3d 1078, 1116 (C.D. Cal. 2015) (finding provision permitting modification of the arbitration agreement following at least 30-days notice to employees not to be unconscionable).

### d.    Confidentiality Requirements

The EDR Plan states that "[t]he entire mediation process will be confidential" and that "[t]he arbitrator shall maintain the privacy of the hearings to the extent permitted by law." EDR Plan §§ 5(f),14.  Plaintiff argues that these provisions "shroud the entire grievance process in secrecy" and are unconscionable because they (1) allow defendants to learn and use leverage as "repeat players" in the arbitration process, while preventing employees from learning from similar prior cases. Opp'n at 21.  While plaintiff fails to cite to any case law in support of this proposition, the Ninth Circuit has found certain restrictive confidentiality provisions unconscionable for these reasons.  See Pokorny v. Quixtar, 601 F.3d 987, 1002 (9th Cir. 2010) (finding a confidentiality provision unconscionable because it handicapped plaintiffs' ability to investigate while allowing the employer to learn how to better arbitrate future claims); Davis v. O'Melveny & Myers, 485 F.3d 1066, 1078-79 (9th Cir. 2007) (finding a confidentiality clause unconscionable because it prevented employees from contacting other employees to assist in arbitration), overruled on other grounds by Ferguson v. Corinthian Colls., Inc., 733 F.3d 928, 933-34 (9th Cir. 2013); Ting v. AT&T, 319 F.3d 1126, 1151-52 (9th Cir. 2003) (holding that the district court had not erred in finding a confidentiality provision unconscionable because AT&T had "placed itself in a far superior legal posture by ensuring that none of its potential opponents have access to precedent while, at the same time, AT&T accumulates a wealth of knowledge"); Grabowski v. Robinson, 817 F. Supp. 2d 1159, 1176-77 (S.D. Cal. 2011) (holding confidentiality clause unconscionable because it would prevent the employee from contacting other employees for assistance).

Nonetheless, as defendants argue, "maintain[ing] the privacy of the hearings *to the extent permitted by law*" does not require a level of confidentiality that would render the provision substantively unconscionable.  Plaintiff's citation to this Court's decision Poublon is unavailing, as the confidentiality provision found to be unconscionable in that case imposed significantly more onerous confidentiality requirements.  See Poublon, 2015 WL 588515, at *7 (citing provision stating that "'[a]ll aspects of the arbitration, including without limitation, the record of the proceedings, are confidential and shall not be open to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

the public,' except to the extent the parties agree in writing, or as necessary in subsequent proceedings between the parties or in response to a 'government agency or legal process'"). Moreover, even assuming that the confidentiality provision is unduly restrictive, the Ninth Circuit has cautioned against invalidating arbitration agreements on the basis of confidentiality provisions, noting that "[p]laintiffs are free to argue during arbitration that the confidentiality clause is not enforceable." Kilgore v. KeyBank, N.A., 718 F.3d 1052, 1059 n.9 (9th Cir. 2013); see also Herrera v. CarMax Auto Superstores Cal., LLC, No. CV-14-776-MWF (VBKx), 2014 WL 3398363, *9-10 (C.D. Cal. July 2, 2014) (acknowledging that a possible interpretation of a confidentiality provision "would be substantively unconscionable," but finding that the "potentially unconscionable interpretation of the confidentiality provision does not so permeate the arbitration agreement as to render it unenforceable," where no other provisions were substantively unconscionable); Velazquez v. Sears, No. 13cv680-WQH-DHB, 2013 WL 4525581, *5-6 (S.D. Cal. Aug. 26, 2013). Accordingly, the Court finds the confidentiality provision at issue not to be substantively unconscionable.

### e.    Limited Discovery

The EDR Plan provides that "[o]ne deposition of the answering Party . . . shall be allowed as a matter of right," and that "[a]dditional depositions may be taken if . . . the arbitrator determines, upon a showing of good cause, that additional depositions are necessary." EDR Plan § 12(b)(1). Marks argues that this "unfair and one-sided" provision "does not provide for reasonable discovery as a matter of right." Opp'n at 22.

In Armendariz v. Found. Health Psychare Servs., Inc., the California Supreme Court explained that while arbitration can restrict discovery, employees "are at least entitled to discovery sufficient to adequately arbitrate their statutory claim, including access to essential documents and witnesses, as determined by the arbitrator(s) and subject to limited judicial review." 24 Cal. 4th 83, 89 (2000). The court "recognize[d] . . . that a limitation on discovery is one important component of the 'simplicity, informality, and expedition of arbitration.'" Id. at 106 n.11 (citation omitted)). Even so, the Armendariz court explained that this "desirable simplicity" must be balanced with a plaintiff's need for discovery to prove her statutory claims. Id. The California Supreme Court later characterized this part of Armendariz as designed "to ensure minimum standards of fairness in arbitration so that employees subject to mandatory arbitration agreements can vindicate their public rights in an arbitral forum." Little v. Auto Stiegler, Inc., 29 Cal. 4th 1064, 1080 (2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|------------------------|------|--------------------|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

In Fitz v. NCR Corp., for example, the California Court of Appeal applied Armendariz in finding an arbitration agreement's discovery limitations substantively unconscionable. 118 Cal. App. 4th 702, 715-19 (2004). The court described these limitations as follows:

> The ACT policy limits discovery to the sworn deposition statements of two individuals and any expert witnesses expected to testify at the arbitration hearing. The policy also requires all exhibits and a list of potential witnesses to be exchanged at least two weeks in advance of the arbitration hearing. No other discovery is allowed unless the arbitrator finds a compelling need to allow it. The policy requires the arbitrator to limit discovery as specified in the agreement unless the parties can demonstrate that a fair hearing would be impossible without additional discovery.

Id. at 716 (emphasis in original). The Fitz court reasoned that these limits unduly burdened the employee in prosecuting a complex case because she needed the arbitrator's approval to depose most of her witnesses. Id. at 717. The arbitrator's authority to allow more discovery did not constitute an adequate "safety valve" because of the "impossibility" standard constraining his or her discretion. Id. The court also rejected an argument that the limits on discovery were mutual because they applied to both parties, reasoning that employers generally have many of the relevant documents and witnesses. Id. at 716 (citing Mercuro v. Superior Court, 96 Cal. App. 4th 167, 183 (2002)).

Other post-Armendariz courts have offered similar reasons for holding extreme limits on discovery to be unconscionable, especially where the limits were one-sided or imposed too stringent a standard for obtaining additional discovery where needed. See, e.g., Ferguson v. Countrywide Credit Indus., 298 F.3d 778, 786 (9th Cir. 2002) (agreement restricted discovery to three depositions (not counting the deposition of experts) and 30 requests of any kind, and further stated that the deposition of a corporate representative could cover no more than four designated subjects without imposing such a limitation on the deposition of an employee); Openshaw v. FedEx Ground Package Sys., Inc., 731 F. Supp. 2d 987, 995 (C.D. Cal. 2010) (agreement completely foreclosed discovery except on damages); Ontiveros v. DHL Exp. (USA), Inc., 164 Cal. App. 4th 494, 511-14 (2008) (agreement restricted discovery to one deposition and requests for production of documents, subject to the arbitrator's allowance of more discovery "upon a showing of substantial need").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                           **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|------------------------|------|--------------------|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

However, courts have upheld less severe discovery limits.  See, e.g., Grabowski v. Robinson, 817 F. Supp. 2d 1159, 1175 (S.D. Cal. 2011) (upholding agreement that "does not limit the employee to only one deposition, and . . . names the Arbitrator as the decisionmaker on whether discovery should be granted"); Sanchez v. Carmax Auto Superstores Cal., LLC, 224 Cal. App. 4th 398, 478-79 (2014) (upholding discovery restricted to relevant documents, personnel file, 20 interrogatories, and three depositions, with additional discovery on a showing of "substantial need," where plaintiff "does not make any showing that he could not maintain his claim without more discovery"); Mercuro, 96 Cal. App. at 182-83 (upholding discovery restricted to three depositions and 30 discovery requests, with additional discovery "upon a showing of good cause," but with a presumption against increasing the number of requests, where plaintiff had no evidence that the provisions as applied "would necessarily prevent [him] from vindicating his statutory rights").

Ultimately, the EDR Plan allows the arbitrator to authorize further discovery "upon a showing of good cause," rather than a higher standard such as "impossib[ility]" of a fair hearing without such discovery (Fitz, 118 Cal. App. 4th at 716) or "substantial need" (Ontiveros, 164 Cal. App. 4th at 511).  Plaintiff does not present any evidence to establish that these restrictions will prevent him from vindicating his statutory rights.  Because the EDR Plan's restrictions are more akin to those that have been upheld than to those that have been struck down, the EDR Plan's limitations on discovery are not substantively unconscionable.

### f. Attorney's Fees and Costs

Plaintiff argues that the EDR plan "apparently gives the arbitrator discretion to override California law regarding attorneys' fees and costs."  Opp'n at 22.  First, plaintiff argues that the Plan's key provisions regarding costs fail to provide for cost-shifting to the prevailing party as a matter of right, as required by California law.  Opp'n at 23 (citing Cal. Civ. Proc. Code § 1032 (b) ("[A] prevailing party is entitled as a matter of right to recover costs in any action or proceeding.")).  Specifically, the Plan states that (1) employees are required to pay a $100 administrative fee, (2) that "[e]ach party shall bear its own costs of discovery during the proceeding," and (3) that "[t]he expenses of witnesses shall be borne by the Party calling such witnesses, *except as otherwise provided by applicable law* or in the award of the arbitrator."  EDR Plan §§ 31(A),(C),(E) (emphasis added).  Plaintiff argues that these particular provisions fail to "require[] payment" to the prevailing party, as required by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                     **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

section 1032 of the California Code of Civil Procedure, and are accordingly unconscionable. Opp'n at 23.[4]

Plaintiff's argument is unconvincing, however, as the EDR Plan broadly authorizes the arbitrator to "award such monetary or injunctive relief as may be just and reasonable under applicable law," and further states that the arbitrator "may award any Party its . . . *costs only in accordance with applicable law*." EDR Plan § 28(C). The Court agrees with defendants' assertion that the phrase "only in accordance with applicable law" necessarily requires that an arbitrator otherwise bound by California law also be bound to honor the cost-shifting provision of section 1032 of the California Code of Civil Procedure. Accordingly, the EDR Plan's cost-related provisions are not unconscionable, when considered in the Plan's full context. See EDR Plan §28(C).

As with the issue of costs, plaintiff argues that the EDR plan improperly leaves to the discretion of the arbitrator the awarding of attorneys' fees to employees, whereas under California law, a prevailing employee has the absolute right to recover attorneys' fees. See Cal. Labor Code § 1194 ("[A]ny employee receiving less than the . . . legal overtime compensation applicable to the employee is entitled to recover in a civil action . . . reasonable attorney's fees, and costs of suit."). Again, plaintiff's argument fails, as the plan states that "[a]ll attorneys' fees shall be borne by the Party incurring them, *except as otherwise provided by applicable law* or by the EDR Plan." EDR Plan § 31(B). An additional provision of the Plan states that "[u]pon a finding that a Party has sustained its burden of proof on any Dispute . . . [the] arbitrator may award any Party its reasonable

---

[4] The California Supreme Court has explained that "the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court." Armendariz, 24 Cal. 4th at 110-11 (emphasis in original). Accordingly, some cases in which provisions requiring an employee to "split the cost of arbitration" have been held unconscionable. Martinez, 118 Cal. App. 4th at 115–16; Ting, 319 F.3d at 1151; Circuit City Stores, Inc. v. Adams, 279 F.3d 889 (9th Cir. 2002). In one of these cases, the Ninth Circuit affirmed a district court's conclusion that a fee-splitting scheme was unconscionable "because it imposes on some consumers costs greater than those a complainant would bear if he or she would file the same complaint in court." Ting, 319 F.3d at 1151.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|----------------------|------|-------------------|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

*attorneys' fees . . . only in accordance with applicable law*." <u>Id.</u> § 28, 28(c).  Nonetheless, plaintiff argues that this provision is impermissible because provides that the arbitrator "may" award attorney's "only in accordance with applicable law," rather than stating that the arbitrator "shall" do so.  However, the Court finds that when read in context, this is a distinction without a difference.  As defendants argue, the effect of this section "is not tantamount to a statement that the arbitrator has discretion not to award fees when applicable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                     **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

law requires it." Opp'n at 23. Accordingly, the Court concludes that the EDR Plan's attorney's fees and cost provisions are not substantively unconscionable.

### g.    Waiver of Class, Collective, and Representative Actions

Section 4(E) of the Plan includes the following provision:

> The Parties to the EDR Plan waive any right they may otherwise have to pursue, file, participate in, or be represented in Disputes brought in any court on a class basis or as a collective action or representative action. This waiver applies to any Disputes that are covered by the EDR Plan to the fullest extent such waiver is permitted by law.

EDR Plan § 4(E). Although plaintiff has not asserted any class, collective, or representative claims in this action, he argues that a waiver of any such potential claims is unconscionable and unenforceable, at least as to class claims or representative claims brought pursuant to California's Private Attorney General Act ("PAGA"), California Labor Code § 2698, *et seq*. (Opp'n at 8) (citing Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425, 427 (9th Cir. 2015)).

In a decision published only days after defendants' filing of the instant motion, the Ninth Circuit considered "whether the FAA preempts the California rule announced [by the California Supreme Court] in Iskanian v. CLS Transportation Los Angeles, LLC, 59 Cal.4th 348 (2014), which bars the waiver of representative claims under [PAGA]." Sakkab, 803 F.3d at 428. Ultimately, the Court in Sakkab upheld California's Iskanian rule finding an employee's right to bring PAGA actions to be unwaivable, explaining that the rule "does not stand as an obstacle to the accomplishment of the FAA's objectives, and is not preempted." Id. Thus, in accordance with the Ninth Circuit's decision in Sakkab, the Iskanian rule barring waiver of one's right to bring PAGA claims remains good law.

In light of Iskanian and Sakkab, defendants concede that waivers of representative PAGA claims are unenforceable. Reply at 13. However, defendants argue that such a finding has no bearing on the instant action because (1) plaintiff is not bringing a PAGA claim, and (2) the EDR Plan's waiver is qualified and conditional, stating that it only applies "to the fullest extent such waiver is permitted by law." Id. Thus, the waiver "yields to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|----------------------|------|-------------------|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

state of the law in whichever jurisdiction the Plan is operating," and accordingly does not bar employees in California from bringing a representative PAGA action, as required by Iskanian.[5] Id. Furthermore, defendants argue that both Iskanian and Sakkab post-dated the drafting and implementation of the EDR Plan, and that accordingly the waiver cannot "retroactively be deemed unconscionable for having taken the wrong side of a *then-unresolved* legal issue." Reply at 14 (emphasis added). See Cal. Civ. Code § 1670.5(a) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable *at the time it was made* the court may . . . enforce the remainder of the contract without the unconscionable clause." (emphasis added)). The Court agrees with defendants, and finds that the waiver provision, as drafted, does not preclude plaintiff from bringing a PAGA claim, does not fly in the face of Iskanian and Sakkab, and therefore is not substantively unconscionable.

### h.     Venue

The EDR Plan states that "[t]he arbitrator shall determine the location" and "shall set the date and time of the arbitration hearing." EDR Plan § 8(A)-(B). Plaintiff argues that this provision is unconscionable because it "provide[s] employees no protection against an inconvenient or improper forum." Opp'n at 16. More specifically, plaintiff argues that "it is conceivable, if not probable, that an arbitrator upon request by Bridgestone and arguments about *its* convenience, the location of documents and witnesses, and other matter could set with impunity the arbitration near Bridgestone's American headquarters (Nashville, Tennessee) or hub (Illinois), near AAA's headquarters (Dallas, Texas), or in another state (other than California)." Id.

---

[5] With respect to any how such PAGA claim might be pursued, "[t]he California Supreme Court's decision in Iskanian expresses no preference regarding whether individual PAGA claims are litigated or arbitrated. It provides only that representative PAGA claims may not be waived outright. 59 Cal.4th at 384. The Iskanian rule does not prohibit the arbitration of any type of claim." Sakkab, 803 F.3d at 434.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|------------------------|------|-------------------|
| Title    | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

As a general matter, however, "mere speculation" regarding how the arbitrator "might" interpret or apply the provision does not render the provision unconscionable.  See Booker v. Robert Half International, Inc. (D.C. Cir. 2005) 413 F.3d 77, 81, 86 (provision giving arbitrator broad discretion over discovery is not unconscionable based upon "mere speculation" that the arbitrator would impermissibly limit discovery).  The California Court of Appeal for the Second District's decision in Dotson v. Amgen is instructive.  In Dotson, the lower court had found to be unconscionable a provision that permitted additional discovery beyond that proscribed in the agreement only "where the Arbitrator . . . so orders, upon a showing of need."  181 Cal. App. 4th 975, 982 (2010).  The Court of Appeal reversed, first explaining that the agreement gave the arbitrator "the broad discretion contemplated by the AAA rules to order the discovery needed to sufficiently litigate the parties' claims."  Id. at 984.  In addition, the court explained that

> the trial court [had] assumed that the arbitrator would not be fair in determining whether additional depositions were needed. This assumption is not a consideration when determining the validity of a discovery provision.  Indeed, it is quite the opposite.  *We assume that the arbitrator will operate in a reasonable manner in conformity with the law.*

Dotson, 181 Cal. App. 4th at 984 (citing Booker 413 F.3d at 86) (emphasis added).  In reviewing another case permitting a similar provision, the Court in Dotson explained that the court could not have "upheld the validity of similar provisions giving the arbitrator broad discretion to control discovery . . . if it believed that the arbitrator would exercise his discretion in an unlawful manner."  Id. at 984-85 (citing Roman v. Superior Court, 172 Cal. App. 4th 1462 (2009)).  While plaintiff Marks argues that the holding in Dotson was limited to discovery issues and therefore does not apply in the instant case, the Court finds that the reasoning informing the decision in Dotson is equally instructive here.  Plaintiff's mere speculation that the arbitrator *could* unreasonably choose a locale that is obviously inconvenient for plaintiff or, more generally, for the resolution of the parties' dispute, is insufficient grounds for finding the provision to be unconscionable.

### i.    Choice of Law

The EDR Plan states that "[e]xcept where otherwise expressly provided in the EDR Plan, the arbitrator shall apply the substantive law, including the applicable choice-of-law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                   **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

rules, which would be applied by a United States District Court sitting at the place of the arbitration hearing." EDR Plan § 33(b). Marks argues that this provision is "unconscionable and unfair" because it purportedly "allows, encourages, and certainly does not prevent, an arbitrator applying foreign (i.e., non-California) substantive law, thereby undercutting the statutory claims at issue." Opp'n at 17. According to Marks, "[t]his is unlawful in an employment setting where case law has repeatedly declared unconscionable contracts that seek to apply laws of other jurisdictions to a California employment relationship." Opp'n at 16, 17 n.29 (citing Ajamian, 203 Cal. App. 4th at 798-99, 803, 804 n.17; Samaniego v. Empire Today LLC, 205 Cal. App. 4th 1138, 1148-49 (2012); Flinn v. CEVA Logist., U.S., Inc., 2014 WL 4215359 (S.D. Cal. Aug. 25, 2104); Pinela v. Neiman Marcus Grp., Inc., 238 Cal. App. 4th 227 (2015)).

However, the caselaw upon which plaintiff relies is distinguishable from the instant matter. In Ajamian, for example, the agreement contained a provision stating that disputes would be "finally determined by arbitration . . . according to . . . the laws of the state of New York then in effect." 203 Cal. App. 4th at 798 (alteration in original). "On its face," therefore, the provision "applie[d] New York law rather than California law to [plaintiff's] California employment," effectively requiring plaintiff "to waive California substantive law and the right to statutory and punitive damages and thus force[d] her to waive her unwaivable statutory rights and remedies." Id. at 798-99. Similarly, in Samaniego, the agreement's choice-of-law provision stated that the agreement "shall be governed by, and construed in accordance with, the laws of Illinois and the parties agree jurisdiction and venue for any actions hereunder shall reside in Chicago, Illinois." 205 Cal. App. 4th at 1148. See also Flinn, 2014 WL 4215359, at *2 (S.D. Cal. Aug. 25, 2014) (Agreement provided that Texas law would govern "any disputes about the character and nature of the legal relationship between the parties, and any and all other disputes between Contractor and Company."); Pinela, 238 Cal. App. 4th at 243 ("Agreement shall be construed, governed by, and enforced in accordance with the laws of the State of Texas . . . .").

Here, in contrast, the choice-of-law provision requires the arbitrator to "apply the substantive law, including the applicable choice-of-law rules, which would be applied by a United States District Court sitting at the place of the arbitration hearing." EDR Plan § 33(b). Plaintiff's complaint involves allegations surrounding California-based employment and accordingly asserts claims for (1) age discrimination "in violation of both [California] statutory and common law," including California Government Code section 12940, et seq.; (2) unlawful retaliation, and (3) wrongful discharge in violation of "the public policy of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|----------------------|------|-------------------|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

State of California." <u>See</u> Compl ¶¶ 40, 51, 60. Accordingly, defendants argue that regardless of the particular state in which the arbitration takes place, "[f]undamental choice-of-law principles" would preclude "a United States District Court sitting at the place of the arbitration hearing"—and thus, the arbitrator, under section 33(b) of the EDR Plan—"from applying non-California substantive law to arbitration of plaintiff's claims." Reply at 16-17. Court agrees, and therefore finds the provision not to be substantively unconscionable.

### j.   Judicial Resolution Carve-out for Trade-Secret and Non-competition Claims

The EDR Plan states that it "does not apply to . . . claims with respect to allegations of trade secret violations and breach of noncompetition provisions and agreements." EDR Plan § 4(A). Plaintiff argues that such a "carve-out from arbitration" is a "strong indicator[] of substantive unconscionability," as it preserves the employer's right to sue employees for what plaintiff contends is "by far the most common (if not sole) civil ground in which an employer sues an employee," while leaving an aggrieved employee to turn only to arbitration for the claims it would be most likely to pursue. Opp'n at 18. As the Ninth Circuit has explained, "[w]here the party with stronger bargaining power has restricted the weaker party to the arbitral forum, but reserved for itself the ability to seek redress in either an arbitral or judicial forum, California courts have found a lack of mutuality supporting substantive unconscionability." <u>Nagrampa v. MailCoups, Inc.</u>, 469 F.3d 1257, 1285 (9th Cir. 2006). Indeed, the California Supreme Court has held that "an agreement requiring arbitration only for the claims of the weaker party but a choice of forums for the claims of the stronger party" is substantively unconscionable. <u>Armendariz v. Found. Health Psychare Servs., Inc.</u>, 24 Cal. 4th 83, 119 (2000).

Defendants argue, however, that the California Supreme Court has "emphasize[d] that if an employer does have *reasonable justification* for the [choice of forum] arrangement—i.e., a justification grounded in something other than the employer's desire to maximize its advantage based on the perceived superiority of the judicial forum—such an agreement would not be unconscionable." <u>Armendariz</u>, 24 Cal. 4th at 120 (emphasis added). As defendants note, the California Supreme Court has further clarified that it would be unfair for an employer to "impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee, *without at least some reasonable justification for such one-sidedness based on "business realities."* <u>Id.</u> at 117

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                 **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|----------|------------------------|------|--------------------|
| Title    | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

(emphasis added). Here, defendants offer the declaration of General Counsel Michael J. Ranallo, who states that among the "business purposes" for the trade secret and non-competition carve-out are the need to assure (1) that BSRO "would have access to provisional injunctive relief for these types of claims," and (2) that BSRO can avoid needing to arbitrate such claims against an employee while simultaneously filing suit in court for these claims, which "often involve third-parties (often business competitors)," against non-parties to the EDR Plan. Declaration of Michael Ranallo ("Ranallo Decl."), ¶¶ 8-9.

Courts have found judicial carve-outs similar to the one at issue here to be both permissible in some instances, and substantively unconscionable in others. See O'Hanlon v. JPMorgan Chase Bank, N.A., No. CV1506640DDPPJWX, 2015 WL 5884844, at *4 (C.D. Cal. Oct. 7, 2015) ("Many California cases hold that contractual provisions allowing a court to hear certain injunctive relief claims, such as those regarding covenants not to compete and intellectual property, are designed to favor the employer and are substantively unconscionable."). Upon reviewing an arbitration agreement's "exclusion of injunctive relief for unfair competition and/or trade secrets," one district court in the Ninth Circuit observed that there may be "valid reasons, entirely independent of any intent to place the employees at a relative disadvantage or to generate one-sided results, for excluding claims of unfair competition or trade secret violations from the mandatory arbitration provisions of the Agreement." Steele v. Am. Mortgage Mgmt. Servs., No. 2:12-CV-00085 WBS, 2012 WL 5349511, at *8 (E.D. Cal. Oct. 26, 2012) (noting that "the resolution of such claims has the potential of substantially impacting the rights of third parties"). Indeed, in an order considering the substantive unconscionability of the very same EDR Plan at issue in the instant action, one court in the Northen District of California noted that while "the EDR Plan is not fully bilateral due to its exclusion of trade secret and non-compete claims," the substantive unconscionability of such exclusion is "minimal" because "business justification exists for th[e] exclusions." Correa v. Firestone Complete Auto Care, No. C 13-03123 CW, 2013 WL 6173651, at *3 (N.D. Cal. Nov. 25, 2013).

While the Court is mindful of the potential substantive unconscionability of the Plan's trade secret and non-competition exception to arbitration, a finding of such substantive unconscionability will not ultimately inform a different result in this case, as the provision is irrelevant to the adjudication of plaintiff's claims, would be the only impermissible provision in EDR Plan, and could simply be severed from the agreement. Pokorny, 601 F.3d at 1005 ("[A] court has discretion to either sever an unconscionable provision from an agreement, or refuse to enforce the agreement in its entirety."). Accordingly, "[b]ecause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    **'O'**

| Case No. | 2:15-cv-05153-CAS-RAO | Date | November 16, 2015 |
|---|---|---|---|
| Title | TODD MARKS V. BRIDGESTONE AMERICAS, INC. ET AL. | | |

there are no trade secret misappropriation claims [or non-competition claims] in this case, the court [concludes] that this provision should not bar enforcement" of the instant agreement in this case. Pope v. Sonatype, Inc., No. 5:15-CV-00956-RMW, 2015 WL 2174033, at *5 (N.D. Cal. May 8, 2015) (enforcing an agreement after severing three unconscionable provisions—"(1) [the] trade secret misappropriation injunctive relief carve-out, (2) the requirement that arbitration take place in Washington, D.C., and (3) the requirement that [plaintiff] pay attorney's fees unless he is a prevailing party").

In sum, the Court does not find that "the central purpose of the [EDR Plan] is tainted with illegality" on account of the aforementioned procedural and substantive unconscionability. Armendariz, 24 Cal.4th at 124. Accordingly, the EDR Plan is not sufficiently procedurally or substantively unconscionable to overcome the FAA's "liberal federal policy favoring arbitration agreements," and the Court concludes that compelling arbitration is appropriate. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)).

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to compel arbitration and stay proceedings in this case.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CL |